1

2

3

4

5

6                         **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8   LN MANAGEMENT LLC SERIES 5664      )
    DIVOT,                              )
9                                       )
              Plaintiff,                )
10                                      )          2:13-cv-1420-RCJ-GWF
         v.                             )
11                                      )          **ORDER**
    KIT DANSKER, an individual; JPMORGAN )
12  CHASE BANK, N.A...; and DOES 1 through )
    10, inclusive,                      )
13                                      )
              Defendants.               )
14                                      )
    _____

15

16       Currently before the Court are Plaintiff's Motion to Remand (#9), Defendant JPMorgan

17  Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint for Quiet Title and Declaratory

18  Relief and Expunge Lis Pendens (#13), and Plaintiff's Motion for Order Substituting the Estate

19  of Kit Dansker as a Defendant and Extending Time to Serve Summons and Complaint (#16).

                                    **BACKGROUND**
20
    **I.    Complaint**
21
         In August 2013, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a petition for
22
    removal and attached the complaint filed in the Eighth Judicial District Court in Clark County,
23
    Nevada. (Pet. for Removal (#1); Compl. (#1-3)). In the complaint, Plaintiff LN Management
24
    LLC Series 5664 Divot ("Plaintiff") sued Defendants Kit Dansker and Chase (collectively
25
    "Defendants"). (Compl. (#1-3) at 2). In the petition for removal, Chase argued that diversity
26
    jurisdiction existed because Plaintiff was a Nevada limited liability company whose principal
27
    place of business was in Las Vegas, Nevada. (Pet. for Removal (#1) at 2). Chase asserted
28
    that it was a national association whose principal place of business was in New York. (*Id.*).

1 Chase acknowledged that Defendant Kit Dansker was a citizen of Nevada but argued that she

2 had been fraudulently joined in the action. (*Id.* at 3).

3      In the complaint, Plaintiff alleged the following. (Compl. (#1-3) at 2).  The action related

4 to the ownership and title of certain real property located at 5664 Divot Place, Las Vegas,

5 Nevada. (*Id.*).  Plaintiff obtained title of the property through a foreclosure sale of which

6 Dansker was the previous title holder.  (*Id.*).  Chase was the successor-in-interest to

7 Washington Mutual Bank, F.A. which held a mortgage against the property prior to the

8 foreclosure sale through which Plaintiff derived its title.  (*Id.* at 3).

9      The complaint alleged the following. (*Id.*).  On March 15, 2013, Plaintiff purchased the

10 property through a properly noticed foreclosure sale in accordance with NRS §§ 116.3116

11 through 116.31168. (*Id.*).  Plaintiff alleged that Chase and Dansker may have had an interest

12 in the property at one time but that none of them had a valid interest in the property

13 subsequent to the foreclosure sale. (*Id.*).  Plaintiff was unable to obtain title insurance on the

14 property without first quieting claims against all known persons or entities claiming legal or

15 equitable interest in the property.  (*Id.*).

16      Plaintiff alleged two causes of action. (*Id.* at 4).  In the first cause of action, Plaintiff

17 alleged quiet title. (*Id.*).  Plaintiff alleged that it was entitled to a determination pursuant to

18 NRS § 40.010 because it was the rightful owner of the property.  (*Id.*).  In the second cause

19 of action, Plaintiff sought declaratory relief, pursuant to NRS § 30.010, that title in the property

20 was vested in Plaintiff free and clear of all claims of Defendants and that Defendants had no

21 estate, right, title or interest in the property.  (*Id.*).

22      Plaintiff attached a copy of the notice of lis pendens to the complaint.  (Notice of Lis

23 Pendens (#1-4) at 2-3).

24 **II.    Judicially Noticed Facts**

25      Kit Dansker executed a note secured by a deed of trust on piece of property located at

26 5664 Divot Place, Las Vegas, Nevada, which was recorded in Clark County on March 26,

27 2003. (Deed of Trust (#13-1) at 2, 4, 21).  The mortgage dated, March 21, 2003, was for

28 $83,000. (*Id.* at 2).  The lender on the deed of trust was Washington Mutual Bank, FA.  (*Id.*).

1    On July 21, 2011, Nevada Association Services, Inc., as agent for Los Prados

2  Community Association, filed a notice of delinquent assessment lien against Kit Dansker.

3  (Notice of Delinquent Assessment (#13-2) at 2).  On August 31, 2011, Nevada Association

4  Services, Inc. filed a notice of default and election to sell under homeowners' association

5  ("HOA") lien.  (Notice of Default (#13-3) at 2-3).

6    On February 20, 2013, Nevada Association Services, Inc. filed a notice of foreclosure

7  sale setting a public auction for March 15, 2013.  (Notice of Sale (#13-4) at 2-3).  On March

8  20, 2013, Nevada Association Services, Inc. filed a foreclosure deed stating that it had sold

9  Kit Dansker's property, on behalf of Los Prados Community Association, at a public auction

10  on March 15, 2013 to LN Management LLC Series 5664 Divot for $8,030.00.  (Foreclosure

11  Deed (#13-5) at 2).

12    The pending motions now follow.

13                                    **LEGAL STANDARD**

14    When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for

15  failure to state a claim, the court must accept as true all factual allegations in the complaint as

16  well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*,

17  205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most

18  favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

19  In general, the court should only look to the contents of the complaint during its review of a

20  Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the

21  complaint or referred to in the complaint whose authenticity no party questions.  *Id.*; *see*

22  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

23    The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

24  claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

25  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

26  is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

27  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

28  not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to

                                              3

1  relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

2  (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

3  1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

4  173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

5  factual content that allows the court to draw the reasonable inference that the defendant is

6  liable for the misconduct alleged").  Even though a complaint does not need "detailed factual

7  allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be

8  enough to raise a right to relief above the speculative level . . . on the assumption that all the

9  allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127

10  S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

11  elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  "Nor

12  does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

13  enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

14       If the court grants a motion to dismiss a complaint, it must then decide whether to grant

15  leave to amend.  The court should "freely give" leave to amend when there is no "undue delay,

16  bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party

17  by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2);

18  *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally,

19  leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be

20  cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

21  1992).

22                                          **DISCUSSION**

23  **I.       Plaintiff's Motion to Remand (#9)**

24       Plaintiff moves to remand this case back to state court for lack of subject matter

25  jurisdiction.  (Mot. to Remand (#9) at 1).  Plaintiff argues that Kit Dansker, the prior owner of

26  the property who was foreclosed upon, was a Nevada resident up until her death on October

27  3, 2009.  (*Id.* at 2).  Plaintiff asserts that it is in the business of purchasing and reselling

28  properties and that, in order to re-sell a property, Plaintiff must deliver marketable title in the

form of a deed insured with an owner's title insurance policy. (*Id.*).  Plaintiff contends that an

HOA lien sale under NRS Chapter 116 has a five-year statute of limitations.  (*Id.*).  Plaintiff

asserts that because of the five-year statute of limitations, no title company in Nevada will

immediately issue a title insurance policy without a quiet title.  (*Id.* at 3).  Plaintiff argues that

Dansker is a real and necessary party to this litigation. (*Id.*).  Plaintiff contends that each party

must prove its own claim to the property and that Chase does not have standing to argue that

the Estate of Kit Dansker has no claim to the property.  (*Id.*).

In response, Chase argues that when an HOA lien sale is lawfully conducted, the prior

owner's right to title is extinguished for failure to make necessary payments. (Opp'n to Mot.

to Remand (#11) at 2).  Chase contends that there is no cognizable legal theory for Dansker's

estate to make a possible claim for an interest or title to the property when she failed to cure

the delinquent payments prior to the foreclosure sale. (*Id.*).  Chase argues that the real parties

in interest in the quiet title claim are Chase and Plaintiff because Chase has a lien recorded

on the property prior to the HOA lien.  (*Id.*).

Pursuant to 28 U.S.C. § 1441, a defendant may remove a complaint filed in state court

to federal court if the federal court would have had original jurisdiction over the action had it

been brought to federal court in the first place.  28 U.S.C. § 1441(a).  This Court has original

jurisdiction over lawsuits between citizens of different states for which the amount in

controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "In actions seeking declaratory or

injunctive relief, it is well established that the amount in controversy is measured by the value

of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333,

347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

An exception to complete diversity is where a non-diverse defendant has been

fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in

the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a

cause of action against a resident defendant, and the failure is obvious according to the settled

rules of the state.'" *Id*.

5

In this case, the Court finds that Kit Dansker has been fraudulently joined in this action. Pursuant to Nevada Revised Statute § 116.31166(3), the "sale of a unit pursuant to NRS §§ 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption." Here, Plaintiff is attempting to establish that its interest in the property is superior to that of Dansker's. Nevada Association Services, Inc. foreclosed on Dansker's property pursuant to NRS § 116.3116 because of her delinquency in paying HOA fees. (*See* Compl. (#1-3) at 3). In both Plaintiff's complaint and motion to remand, Plaintiff asserts that Dansker is the "prior owner" of the property at issue. (Compl. (#1-3) at 1; Mot. to Remand (#9) at 2). The complaint also affirmatively states that the foreclosure sale complied with and was properly noticed in accordance with NRS §§ 116.3116 through 116.31168, inclusive. (*Id.*). The complaint does not allege that Dansker is asserting any interest or rights in the property. Accordingly, Plaintiff's proper foreclosure pursuant to NRS § 116 extinguishes any rights and interests Dansker may have had in the property. Therefore, the Court finds that Dansker is fraudulently joined and her presence will be ignored for the purpose of determining diversity jurisdiction in this matter. As such, the Court denies Plaintiff's Motion to Remand (#9). The Court also denies Plaintiff's Motion for Order Substituting the Estate of Kit Dansker as a Defendant (#16) because neither Dansker nor her Estate have any rights or interests in the property.

## II.     Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (#13)

Chase moves to dismiss the complaint with prejudice and expunge the notice of lis pendens on the property. (Mot. to Dismiss (#13) at 1). Chase argues that it has a first position deed of trust which was recorded on March 26, 2003. (*Id.* at 3). Chase asserts that Plaintiff fails to state a valid claim for quiet title because it has a first position deed of trust recorded eight years prior to Plaintiff's recorded lien. (*Id.* at 7). Chase argues that the super priority status of the association lien does not extinguish Chase's lien. (*Id.* at 9). Chase argues that declaratory relief is not an independent cause of action. (*Id.* at 18).

In response, Plaintiff argues that its super priority lien has priority over first deeds of

trust pursuant to NRS § 116.3116.  (Opp'n to Mot. to Dismiss (#15) at 5).  Plaintiff argues that because the HOA's assessment lien was superior to the first deed of trust, the foreclosure sale "wiped out" Chase's deed of trust.  (*Id.* at 6).

In Nevada, HOAs have immediate liens against real property when HOA assessments or other costs against a unit become delinquent.  *See* Nev. Rev. Stat. § 116.3116(1).  Under Nevada law, a lien for delinquent HOA assessments is not prior to a "first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent," *id*. § 116.3116(2)(b), except:

> *to the extent* of any charges incurred by the association on a unit pursuant to NRS 116.310312 and *to the extent* of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . .

*Id*. § 116.3116(2)(c) (emphasis added).

In *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, __ F.Supp.2d __, 2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013), this Court found that "a first mortgage recorded before HOA assessments become delinquent is senior to an HOA lien, except to the extent of nine months of regular HOA dues immediately preceding the action to enforce the HOA lien and any HOA fees and costs related to exterior maintenance of the unit at issue or the removal or abatement of a public nuisance related to the unit at issue."  *Id*. at *3.  This Court found that "the first mortgage rule prevents a prior-recorded first mortgage from being extinguished by foreclosure of an HOA lien that contains a super-priority amount."  *Id*.  This Court explained the following:

> Under this interpretation, an HOA lien arising before a first mortgage is recorded is senior to the first mortgage in all traditional respects, i.e., it survives a foreclosure of the first mortgage, and its own foreclosure extinguishes the first mortgage. But an HOA lien arising after a first mortgage is recorded operates unorthodoxly in relation to traditional liens. The super-priority amount is senior to an earlier-recorded first mortgage in the sense that it must be satisfied before a first mortgage upon its own foreclosure, but it is in parity with an earlier-recorded first mortgage with respect to extinguishment, i.e., the foreclosure of neither extinguishes the other.
> . . .
> [A]n HOA may of course foreclose its lien under the statutes so providing, but

the first mortgagee's lien survives such a foreclosure, and the first mortgagee may later foreclose against the buyer at the HOA foreclosure sale if that buyer (or someone else) does not satisfy the first mortgage out of the proceeds of the HOA foreclosure sale or otherwise . . .

*Id.*

To quiet title, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

In this case, the Court finds that Plaintiff fails to state a claim for quiet title and declaratory relief. The facts in this case demonstrate that Chase's first mortgage is senior to the HOA lien. Chase's mortgage was recorded in 2003 while the HOA liens were recorded in 2011. As such, Chase has a first mortgage lien that survives the HOA lien foreclosure. The Court grants Chase's motion to dismiss (#13) both causes of action with prejudice. The Court also expunges the notice of lis pendens.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (#9) is DENIED.

IT IS FURTHER ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint for Quiet Title and Declaratory Relief and Expunge Lis Pendens (#13) is GRANTED with prejudice. There are no remaining claims in this case.

IT IS FURTHER ORDERED that the Notice of Lis Pendens on the property is EXPUNGED.

///

///

///

///

///

1

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Substituting the Estate of

2

Kit Dansker as a Defendant and Extending Time to Serve Summons and Complaint (#16) is

3

DENIED.

4

The Clerk of the Court shall enter judgment accordingly.

5

Dated:  This 19th day of November, 2013.

6

7

8

_____
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9