Abran E. Vigil (SBN 7548)
Sylvia O. Semper (SBN 12863)
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Tel: (702) 471-7000   Fax: (702) 471-7070
*vigila@ballardspahr.com; sempers@ballardspahr.com*
*Attorneys for Proposed Intervenor Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
*lhart@fclaw.com; jtennert@fclaw.com*

Asim Varma, Esq.*
*Asim.Varma@aporter.com*
Howard N. Cayne, Esq.*
*Howard.Cayne@aporter.com*
Michael A.F. Johnson, Esq. *
*Michael.Johnson@aporter.com*
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
**pro hac vice* petitions to be submitted
*Attorneys for Proposed Intervenor Federal Housing Finance Agency*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT<br><br>Plaintiff,<br><br>v.<br><br>KIT DANSKER and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | CASE NO. 2:13-cv-01420-RCJ-GWF<br><br>**STIPULATION TO ENTRY OF ORDER AND PROPOSED ORDER PERMITTING THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, TO  INTERVENE** |

1.      The Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Fannie Mae (together, "Petitioners"), seek to intervene in the above-captioned action pursuant to Fed. R. Civ. P. 24(b) and 12 U.S.C. § 4617(b)(2)(A)(i).

*Permissive Intervention*

2.       Fed. R. Civ. P. 24(b) enables this Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

3.       Because Fannie Mae avers ownership of a mortgage loan on the Property at issue in this action, Fannie Mae has a claimed property interest that Plaintiff seeks to extinguish by this action.

4.       FHFA has a direct interest in protecting Fannie Mae's claimed rights to property.  On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae and the Federal Home Loan Mortgage Corporation in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C.§ 4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992 (12 U.S.C. § 4501, et. seq.).  As Conservator, FHFA has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae.  *See* 12 U.S.C. § 4617(b)(2)(A)(i).  Moreover, FHFA is charged with taking necessary steps to "preserve and conserve the assets and property of [the Enterprises]" and "take over the assets of and operate [the Enterprises] with all the powers of the shareholders, the directors, and the officers of [the Enterprises]."  *Id.* at  §§ 4617(b)(2)(B)(i), (D)(ii).  Thus, FHFA has a substantial interest in Plaintiff's action seeking to quiet title and declare extinguished a purported property interest that Fannie Mae claims to hold.  *See* 12 U.S.C. §§ 4617(b)(2)(B)(i), 4617(b)(2)(B)(iv).

5.       The Petitioners seek to protect Fannie Mae's property interest and present the statutory defense that Plaintiff's claim of free and clear title to the property at issue in this case (the "Property") is barred by 12 U.S.C. § 4617(j)(3), which Petitioners contend preempts conflicting state law and precludes a homeowner's association sale from extinguishing Fannie Mae's interest in the Property.  This statutory defense shares a common question of law or fact with the main action, and is articulated in the Answers Petitioners have filed herewith.  Accordingly, permissive intervention under Rule 24(b) is warranted.

*Intervention of Right*

6.      In the alternative, FHFA asserts that it has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

7.      Pursuant to HERA, FHFA asserts that it has unqualified authority to protect Fannie Mae's assets and property.  *See* 12 U.S.C. § 4617(b)(2)(A)(i); 12 U.S.C. § 4617(b)(2)(D)(i)-(ii). Because Fannie Mae claims an interest in the Property at issue here, the Conservator has authority to intervene to protect that claimed interest.

8.      Accordingly, FHFA asserts it has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

9.      Plaintiff and Defendant JPMorgan Chase Bank, N.A., consent to this motion to intervene.  The remaining named defendants have not appeared in this action.

10.     Pursuant to Fed. R. Civ. P. 24(c), Petitioners attach as Exhibits A and B their intended Answers.

## STIPULATION

Proposed Intervenors Fannie Mae and FHFA, Plaintiff LN Management LLC Series 5664 Divot, and Defendant JPMorgan Chase Bank, N.A., through their attorneys of record, hereby stipulate and request that the Court make this stipulation an order of the Court:

Fannie Mae and FHFA shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 1st day of May, 2015.

By:  /s/ Kerry P. Faughnan
Kerry P. Faughnan, Esq. (SBN 12204)
P.O. Box 335361
North Las Vegas, Nevada 89033
Tel: (702) 301-3096
kerry.faughnan@gmail.com
Attorney for Plaintiff LN Management Series
5664 Divot

By:  /s/ Abran E. Vigil
Abran E. Vigil, Esq. (SBN 7548)
Matthew David Lamb, Esq. (SBN 12991)
Sylvia O. Semper, Esq. (SBN 12863)
BALLARD SPAHR LLP
100 City Parkway , Suite 1750
Las Vegas, NV 89106
Tel: (702) 471-7000 Fax: (702) 471-7070
vigila@ballardspahr.com;
lambm@ballardspahr.com;
sempers@ballardspahr.com

Attorneys for Defendant JPMorgan Chase,
N.A. and Proposed Intervenor Federal
National Mortgage Association

By:  /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2228 Fax: (775) 788-2229
lhart@fclaw.com; jtennert@fclaw.com

and

By:  /s/ Asim Varma
Asim Varma, Esq.*
Asim.Varma@aporter.com
Howard N. Cayne, Esq.*
Howard.Cayne@aporter.com
Michael A.F. Johnson, Esq.*
Michael.Johnson@aporter.com
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000  Fax: (202) 942-5999
Attorneys for Federal Housing Financing
Agency

* pro hac vice petitions to be submitted

## ORDER

**IT IS SO ORDERED.**

Dated this 14th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# EXHIBIT A

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG JONES VARGAS
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
*lhart@fclaw.com; jtennert@fclaw.com*

Asim Varma, Esq.*
*Asim.Varma@aporter.com*
Howard N. Cayne, Esq.*
*Howard.Cayne@aporter.com*
Michael A.F. Johnson, Esq.*
*Michael.Johnson@aporter.com*
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
* *Pro Hac Vice* Petitions to be Submitted
*Attorneys for Proposed Intervenor Federal Housing Finance Agency*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT, <br><br> Plaintiff, <br><br> v. <br><br> KIT DANSKER and JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | CASE NO.:  2:13-cv-01420-RCJ-GWF <br><br> **ANSWER AND COUNTERCLAIMS BY PROPOSED INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing jointly with other parties in this action a stipulation permitting FHFA to intervene pursuant to Federal Rule of Civil Procedure 24.  In accordance with Rule 24(c)'s requirement that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought,"  FHFA submits this Answer to respond as follows to the Complaint filed by Plaintiff LN Management LLC Series 5664 Divot ("LN Management" or "Plaintiff"):

**PARTIES, JURISDICTION AND VENUE**

1.      FHFA admits that this action relates to real property located at 5564 Divot Place, Las Vegas, Nevada 89130 (the "Property"), that the Property is situated within Clark County, Nevada, and that jurisdiction and venue is proper in this Court.

2.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 2 of the Complaint.

3.      The allegations contained within Paragraph 3 of the Complaint concerning Plaintiff's purported title to the Property constitutes a legal conclusion that does not require a response. To the extent a response is required, denied. FHFA admits the remaining allegations within Paragraph 3 of the Complaint.

4.      The allegation contained within Paragraph 4 of the Complaint concerning Plaintiff's purported title to the Property constitutes a legal conclusion that does not require a response. To the extent a response is required, denied. FHFA admits the remaining allegations within Paragraph 4 of the Complaint.

5.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 5 of the Complaint.

**GENERAL ALLEGATIONS**

6.      FHFA admits that a Foreclosure Deed was recorded in the Official Records of the Clark County Recorder on March 20, 2013, as Book and Instrument Number 20130320-0001307, stating that Plaintiff purportedly purchased the Property at a foreclosure sale on March 13, 2013, and that this recording speaks for itself. The remainder of Paragraph 6 states a legal conclusion that does not require a response. To the extent a response is required, denied.

7.      FHFA admits that a Foreclosure Deed was recorded in the Official Records of the Clark County Recorder on March 20, 2013, as Book and Instrument Number 20130320-0001307, stating that Plaintiff purportedly purchased the Property at a foreclosure sale on March 13, 2013, and that this recording speaks for itself.

8.      FHFA admits that FHFA and Fannie Mae had, and continues to have, an interest in the Property.

9.      FHFA denies the allegations within Paragraph 9 of the Complaint.

10.     FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 10 of the Complaint, and on that basis, denies the allegations.

## FIRST CLAIM FOR RELIEF
### (Quiet Title)

11.     FHFA repeats its responses to Paragraphs 1-10 as if fully stated herein.

12.     FHFA denies the allegations contained within Paragraph 12 of the Complaint.

13.     FHFA denies the allegation contained within Paragraph 13 of the Complaint with respect to FHFA and Fannie Mae.  FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 13 of the Complaint with respect to other Defendants.

14.     Paragraph 14 consists of Plaintiff's claims for relief, which do not require a response.  To the extent a response is required, denied.

15.     Paragraph 15 of the Complaint consists of Plaintiff's claims for relief and legal conclusions, which do not require a response.  To the extent a response is required, denied.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

16.     FHFA repeats its responses to Paragraphs 1-15 as if fully stated herein.

17.     Paragraph 17 of the Complaint consists of Plaintiff's claims for relief and legal conclusions, which do not require a response.  To the extent a response is required, denied.

18.     Paragraph 18 of the Complaint consists of Plaintiff's claims for relief and legal conclusions, which do not require a response.  To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

FHFA's investigation of these claims is continuing.  By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Fannie Mae breached no duty with regard to Plaintiff.

**COUNTERCLAIMS**

**FIRST COUNTERCLAIM**

**(Declaratory Judgment versus Plaintiff and Los Prados Community Association)**

1.      FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2.      Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

3.      FHFA is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

4.      The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

5.      During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

6.      Fannie Mae's interest at issue is property of the Conservator.  Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

7.      12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

8.      At no time did Plaintiff, the Los Prados Community Association (the "HOA"), or the trustee or agent of either Plaintiff or the HOA obtain consent from FHFA to extinguish the Deed of Trust or otherwise extinguish Fannie Mae's interest.

9.      Pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale conducted by the HOA

could not extinguish Fannie Mae's interest in the Deed of Trust.

10.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in the Deed of Trust.

## SECOND COUNTERCLAIM

### (Quiet Title versus Plaintiff)

1.    FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2.    Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the Plaintiff's adverse claims in the Property.

3.    The Deed of Trust is a first secured interest on the Property as intended by NRS 116.3116(2)(b).

4.    FHFA, as Fannie Mae's conservator, has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

5.    Plaintiff claims an interest in the Property through its purported purchase of the Property at an HOA foreclosure sale on March 15, 2013, and claims that the foreclosure sale extinguished the Deed of Trust.

6.    Pursuant to 12 U.S.C. § 4617(j)(3), "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."

7.    Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

8.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that the HOA sale did not extinguish Fannie Mae's interest in the Deed of Trust.

9.    FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to

28 U.S.C. § 2201 and NRS § 40.010 that Fannie Mae's interest in the Deed of Trust is superior to the interest, if any, acquired by Plaintiff through the foreclosure deed.

## **PRAYER FOR RELIEF**

WHEREFORE, FHFA prays for the following relief:

1.      That Plaintiff take nothing by way of its Complaint;

2.      That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish Fannie Mae's interest while it is under FHFA's conservatorship;

3.      That the Court declare that the HOA sale did not extinguish Fannie Mae's interest in the Property and thus did not convey the Property free and clear to Plaintiff;

4.      That the Court declare that Fannie Mae's property interest is superior to the interest, if any, of Plaintiff;

5.      That FHFA be awarded reasonable attorneys' fees and costs; and

6.      That FHFA receive such other relief as the Court deems just and proper.

DATED this 1st day of May, 2015.

FENNEMORE CRAIG JONES VARGAS

By:      /s/   Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN4932)
John D. Tennert, Esq. (SBN 11728)
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
*lhart@fclaw.com; jtennert@fclaw.com*

and

ARNOLD & PORTER LLP

Asim Varma, Esq.*
*Asim.Varma@aporter.com*
Howard N. Cayne, Esq.*
*Howard.Cayne@aporter.com*
Michael A.F. Johnson, Esq.*

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael.Johnson@aporter.com
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000  Fax: (202) 942-5999
*Pro Hac Vice* Petitions to be Submitted

Attorneys for Proposed Intervenor Federal Housing
Financing Agency

# EXHIBIT B

# EXHIBIT B

1  Abran E. Vigil
   Nevada Bar No. 7548
2  Sylvia O. Semper
   Nevada Bar No. 12863
3  Matthew D. Lamb
   Nevada Bar No. 12991
4  BALLARD SPAHR LLP
   100 North City Parkway, Suite 1750
5  Las Vegas, Nevada 89106
   Telephone: (702) 471-7000
6  Facsimile: (702) 471-7070
   vigila@ballardspahr.com
7  sempers@ballardspahr.com
   lambm@ballardspahr.com
8  *Attorneys for Fannie Mae*

9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF NEVADA

11

12  LN MANAGEMENT, LLC SERIES 5664
    DIVOT,                                      Case No.  2:13-cv-01420-RCJ-GWF

13                   Plaintiff,
                                                **FANNIE MAE'S ANSWER TO**
14  vs.                                         **COMPLAINT AND**
                                                **COUNTERCLAIMS**
15  KIT DANSKER and JPMORGAN
    CHASE BANK, NA

16
                     Chase,
17

18          Intervenor Federal National Mortgage Association ("Fannie Mae") hereby

19  answers the Complaint filed by plaintiff LN Management, LLC Series 5664 Divot

20  ("plaintiff"), as follows:

21          1.      Fannie Mae admits the allegations contained in the first sentence of

22  paragraph 1 of the Complaint. Fannie Mae denies the remaining allegations

23  contained in Paragraph 1 of the Complaint.

24          2.      Fannie Mae is without sufficient information to admit or deny the

25  allegations of Paragraph 2 of the Complaint and therefore denies them.

26          3.      Fannie Mae is without sufficient information to admit or deny the

27  allegations of Paragraph 3 of the Complaint and therefore denies them.

28

DMWEST #12152072 v1

4.      Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint and therefore denies them.

5.      Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint and therefore denies them.

## GENERAL ALLEGATIONS

6.      Fannie Mae denies the allegations contained in paragraph 6 of the Complaint.

7.      Fannie Mae denies the allegations contained in paragraph 7 of the Complaint.

8.      Fannie Mae admits it has had, and currently has, an interest in the Property.   Fannie Mae denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Fannie Mae denies the allegations contained in paragraph 9 of the Complaint.

10.     Fannie Mae is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and therefore denies them.

## FIRST CLAIM FOR RELIEF
### (Quiet Title)

11.     Fannie Mae incorporates the answers contained in Paragraphs 1 through 10 above as if set forth fully herein.

12.     Fannie Mae denies the allegations contained in paragraph 12 of the Complaint.

13.     Fannie Mae denies the allegations contained in paragraph 13 of the Complaint.

14.     Fannie Mae denies the allegations contained in paragraph 14 of the Complaint.

15.     Fannie Mae denies the allegations contained in paragraph 15 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief)**

16.   Fannie Mae incorporates the answers contained in Paragraphs 1 through 15 above as if set forth fully herein.

17.   Fannie Mae denies the allegations contained in paragraph 17 of the Complaint.

18.   Fannie Mae denies the allegations contained in paragraph 18 of the Complaint.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment in its favor, and against plaintiff, together with costs, fees and such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

Fannie Mae's investigation of these claims is continuing.  By this Answer, Fannie Mae waives no affirmative defenses and reserves its right to amend the Answer to assert any subsequently discovered affirmative defenses.

### First Affirmative Defense

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense

The acts alleged in the Complaint were the acts of third parties over whom Fannie Mae have no control or responsibility.

### Third Affirmative Defense

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the 14th Amendment of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

### Fourth Affirmative Defense

The homeowners association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust based on the failure to comply with all mailing,

noticing and/or other requirements of Nevada and federal law.

### Fifth Affirmative Defense

The homeowners association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust or a property interest of the Fannie Mae.

### Sixth Affirmative Defense

Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an homeowners association foreclosure sale from extinguishing Fannie Mae's interest in the subject property and preempts any state law to the contrary.

### Seventh Affirmative Defense

The homeowners association foreclosure sale by which plaintiff claims to have acquired its interest was commercially and otherwise unreasonable.  The sales price, when compared to the outstanding balance of Chase's note and deed of trust and the fair market value of the subject property, demonstrates that the sale was not conducted in good faith.  The circumstances of the sale of the property violated the homeowners association's obligation of good faith under NRS 116.1113 and duty to act in a reasonable manner.

### Eighth Affirmative Defense

Plaintiff purchased the subject property with record notice of the interest of the senior deed of trust recorded against the property and is not a bona fide purchaser for value.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or tender.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and/or failure to do equity.

WHEREFORE, Fannie Mae respectfully requests that the Court enter judgment in its favor, and against plaintiff, together with costs, fees and such other relief as the Court deems proper.

## COUNTERCLAIMS

Fannie Mae hereby counterclaims against plaintiff as follows:

### GENERAL ALLEGATIONS

1.     In 2003, borrower Kit Dansker obtained a mortgage loan for $83,000.00 ("Loan") from WaMu to purchase the property located at 5664 Divot Place Las Vegas, NV 89130 (the "Property").

2.     The Loan was secured by a first-position Deed of Trust (the "Deed of Trust") recorded on March 26, 2003, as instrument no. 2003032602658. In 2008, WaMu, the beneficiary under the Deed of Trust, submitted to receivership under the Federal Deposit Insurance Corporation, and all of WaMu's assets were transferred to Chase.

3.     On April 23, 2003, Fannie Mae purchased the Loan. Chase remains the current beneficiary of the Deed of Trust.

### The HOA Lien and Foreclosure

4.     On July 21, 2011, Nevada Association Services, Inc. ("HOA Trustee"), as agent for Los Prados Community Association ("HOA" or "Los Prados") recorded a notice of delinquent assessments ("Lien") against the Property.

5.     On August 31, 2011, the HOA Trustee recorded a notice of default under the HOA's Lien.

6.     On February 20, 2013, the HOA Trustee recorded a notice of sale under the HOA's Lien.

7.     In none of the recorded documents nor in any notice did the HOA and/or the HOA Trustee provide Fannie Mae or Chase with notice of the purported super-priority lien amount.

8.     On March 15, 2013, the HOA Trustee purportedly sold the Subject Property to satisfy the HOA's Lien (the "HOA Sale").

9.     Plaintiff purportedly purchased the Property at the HOA Sale for $8,030.00.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief against Plaintiff and Los Prados)**

10.     Fannie Mae incorporates the allegations in the prior paragraphs as if fully set forth herein.

11.     Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court has the power and authority to declare Fannie Mae's rights and interests in the Property and to resolve the plaintiff's adverse claims in the Property.

12.     The Deed of Trust on the Property secures Fannie Mae's Loan.

13.     Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

14.     Fannie Mae's interest in the Deed of Trust encumbering the Property constitutes an interest in real property.

15.     FHFA is an agency of the federal government of the United States of America and is also the conservator of Fannie Mae.

16.     The conservator succeeded by law to the all of Fannie Mae's "rights, title, powers, and privileges." 12 U.S.C. §4617(b)(2)(A)(i). Fannie Mae's interest at issue is property of the conservator.

17.     During the conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

18.     Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

19. Fannie Mae is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that Fannie Mae's interest is superior to the interest, if any, acquired by plaintiff.

20. In the alternative, Fannie Mae is entitled to a determination, pursuant to NRS 40.010, that the HOA Sale was unlawful and void.

## SECOND CLAIM FOR RELIEF

### (Quiet Title against Plaintiff)

21. Fannie Mae incorporates the allegations in the prior paragraphs as if fully set forth herein.

22. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court has the power and authority to declare Fannie Mae's rights and interests in the Property and to resolve the plaintiff's adverse claims in the Property.

23. Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

24. Fannie Mae's interest in the Deed of Trust encumbering the Property constitutes an interest in real property.

25. FHFA, as conservator for Fannie, succeeded by law to the all of Fannie Mae's "rights, title, powers, and privileges." 12 U.S.C. §4617(b)(2)(A)(i).

26. During the conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

27. At no time did the HOA or HOA Trustee obtain consent from FHFA to extinguish the deed of trust or otherwise extinguish Fannie Mae's interest.

28. Fannie Mae is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that Fannie Mae's interest is superior to the interest, if any, acquired by plaintiff.

29. In the alternative, Fannie Mae is entitled to a determination, pursuant

to NRS 40.010, that the HOA Sale was unlawful and void.

## **PRAYER FOR RELIEF**

WHEREFORE, Fannie Mae prays for the following relief:

1.    That plaintiff take nothing by way of its Complaint;

2.    That the Court declare that Fannie Mae's interest is superior to the interest of plaintiff or, in the alternative, that the HOA Sale was unlawful and void;

4.    That Fannie Mae be awarded reasonable attorneys' fees and costs; and

5.    That Fannie Mae receives such other relief as the Court deems just and proper.

BALLARD SPAHR LLP

By: /s/Abran E. Vigil
      Abran E. Vigil
      Nevada Bar No. 7548
      Sylvia O. Semper
      Nevada Bar No. 12863
      Matthew D. Lamb
      Nevada Bar No. 1299
      1100 North City Parkway, Suite 1750
      Las Vegas, NV 89106
      Telephone: (702) 471-7000

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 1st day of May, 2015, a true and correct copy of the foregoing **ANSWER**, was served to the parties following in the manner set forth below:

Kerry P. Faughnan
PO Box 335361
North Las Vegas, NV 89033
Kerry.faughnan@gmail.com

[ ]    HAND DELIVERY

[ ]    E-MAIL TRANSMISSION

[ ]    U.S. MAIL, POSTAGE PREPAID

[XX]    CM/ECF e-filing system

/s/ Mary Kay Carlton
An employee of BALLARD SPAHR LLP