UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:13-cv-01420-RCJ-GWF |
| vs. | ) ) ) | AMENDED ORDER |
| KIT DANSKER et al., | ) ) ) | |
| Defendants. | ) | |

This case arises out of a homeowner's association foreclosure sale. Pending before the Court is a Motion for Summary Judgment (ECF No. 50). For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

On or about March 15, 2013, Plaintiff LN Management, LLC Series 5664 Divot ("LN Management") purchased real property located at 5664 Divot Place, Las Vegas, Nevada 89130 (the "Property") at an HOA foreclosure sale. (Compl. ¶ 6, ECF No. 1-3). Plaintiff sued Defendants Kit Dansker and JPMorgan Chase Bank, N.A. ("Chase") in state court to quiet title to the property and for a declaration that Plaintiff owns the Property free and clear of any purported interests of Defendants.

Chase removed and moved to dismiss. LN Management moved to remand. Dansker, the previous homeowner, passed away. The Court denied both the motion to remand and a motion to substitute Dansker's estate as a party, based on fraudulent joinder. The Court granted the motion to dismiss based on its interpretation of state statutes governing lien priorities. LN Management appealed. After the Nevada Supreme Court resolved the statutory question differently than this Court had, the parties stipulated to dismiss the appeal and conduct further proceedings in this Court. Chase answered and filed a Counterclaim for unjust enrichment.

The parties stipulated to permit the Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Authority ("FHFA"), as conservator for Fannie Mae, to intervene. Fannie Mae answered and filed a Counterclaim for quiet title and a declaration that 12 U.S.C. § 4617(j)(3) preempts state law such that the HOA foreclosure sale under state law cannot have extinguished the first mortgage held by Fannie Mae at the time of the sale. Fannie Mae joined Los Prados Community Association ("Los Prados") as a Counterdefendant. FHFA separately answered and filed an essentially identical Counterclaim. FHFA and Fannie Mae voluntarily dismissed their Counterclaims against Los Prados, without prejudice. FHFA and Fannie Mae have jointly moved for defensive summary judgment against the Complaint and for offensive summary judgment on their Counterclaims.

## II.     LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.	ANALYSIS

FHFA and Fannie Mae argue that 12 U.S.C. § 4617(j)(3) prevents the sale of any property in which the FHFA, as conservator for Fannie Mae, has an interest without consent.  They are correct.  "No property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." 12 U.S.C. § 4617(j)(3).  The provision applies "in any case in which [FHFA] is acting as a conservator or a receiver." *See id.* § 4617(j)(1).  A foreclosure sale under NRS 116.3116, like any other foreclosure sale, therefore requires consent of FHFA.  FHFA and Fannie Mae do not ask the Court to unwind the sale, but they do ask the Court to rule that the sale did not affect Fannie Mae's interest in the Property.  The Court would normally grant the motion for the reasons given in *Skylights LLC v. Byron*, --- F. Supp. 3d ----, 2015 WL 3887061 (D. Nev. 2015) (Navarro, C.J.).  The Court agrees with the relevant analysis in that case in full and will not reproduce it here.  In summary, the Supremacy Clause and § 4617(j)(3) prevent NRS 116.3116 from extinguishing Fannie Mae's interest in a property without consent.

The Court has granted summary judgment for this reason before. *See My Global Village, LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-211, 2015 WL 4523501 (D. Nev. July 27, 2015) (Jones, J.).

In the present case, however, movants' own evidence creates a genuine issue of material fact as to whether FHFA or Fannie Mae owned the note and deed of trust at the time of sale. FHFA and Fannie Mae have adduced evidence that Fannie Mae owned the "mortgage loan" since about April 1, 2003, and that Chase is the current servicer. (*See* Curcio Decl. ¶ 4, ECF No. 50-1). But that would not be enough to entitle them to a directed verdict even if the evidence went uncontroverted at trial. In Nevada, a payee, endorsee, or assignee of a promissory note who is not also the beneficiary of an attendant deed of trust cannot foreclose but may only sue on the note, and such a person therefore loses no legal rights via extinguishment of the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012). Although FHFA's Counterclaim alleges that Fannie Mae is the beneficiary of the deed of trust, (*see* FHFA Countercl. ¶¶ 8-9, ECF No. 40), movants have adduced no evidence of that, and both Fannie Mae's and Chase's Counterclaims affirmatively allege that Chase is the beneficiary of the deed of trust, (*see* Fannie Mae Countercl. ¶ 3, ECF No. 36; Chase Countercl. ¶ 3, ECF No. 32).[1] Additionally, movants themselves have asked the Court to take judicial notice of, *inter alia*, a May 1, 2013 assignment of the "Deed of Trust with all interest secured thereby" from the FDIC to Chase, indicating that Chase is not only the servicer of the loan but the beneficiary of both the note and the deed of trust. (*See* Assignment, ECF No. 51-1, at 23; Deed of Trust 1, ECF No. 51-1, at 2). If that is the case, only Chase can complain of the extinguishment of the deed of trust. The Court needs no response from LN Management to deny summary judgment to FHFA and Fannie Mae under these circumstances.

---

1 Fannie Mae's and Chase's Counterclaims would therefore appear to be subject to dismissal based on their facial admissions of facts fatal to the claims made therein.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of September, 2015.

```
                              _____
                                      ROBERT C. JONES
                                 United States District Judge
```