**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:13-cv-01420-RCJ-GWF |
| vs. | ) ) ) | **ORDER** |
| KIT DANSKER et al., | ) ) ) | |
| Defendants. | ) | |

This case arises out of a homeowner's association foreclosure sale. Pending before the Court is a Motion to Reconsider (ECF No. 54). For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

On or about March 15, 2013, Plaintiff LN Management, LLC Series 5664 Divot ("LN Management") purchased real property located at 5664 Divot Place, Las Vegas, Nevada 89130 (the "Property") at an HOA foreclosure sale. (Compl. ¶ 6, ECF No. 1-3). Plaintiff sued Defendants Kit Dansker and JPMorgan Chase Bank, N.A. ("Chase") in state court to quiet title to the property and for a declaration that Plaintiff owns the Property free and clear of any purported interests of Defendants.

Chase removed and moved to dismiss. LN Management moved to remand. Dansker, the previous homeowner, passed away. The Court denied both the motion to remand and a motion to substitute Dansker's estate as a party, based on fraudulent joinder. The Court granted the motion to dismiss based on its interpretation of state statutes governing lien priorities. LN Management appealed. After the Nevada Supreme Court resolved the statutory question differently than this Court had, the parties stipulated to dismiss the appeal and conduct further proceedings in this Court. Chase answered and filed a Counterclaim for unjust enrichment.

The parties stipulated to permit the Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Authority ("FHFA"), as conservator for Fannie Mae, to intervene. Fannie Mae answered and filed a Counterclaim for quiet title and a declaration that 12 U.S.C. § 4617(j)(3) preempts state law such that the HOA foreclosure sale under state law cannot have extinguished the first mortgage held by Fannie Mae at the time of the sale. Fannie Mae joined Los Prados Community Association ("Los Prados") as a Counterdefendant. FHFA separately answered and filed an essentially identical Counterclaim. FHFA and Fannie Mae voluntarily dismissed their Counterclaims against Los Prados, without prejudice. FHFA and Fannie Mae jointly moved for defensive summary judgment against the Complaint and for offensive summary judgment on their Counterclaims. The Court denied the motion. FHFA and Fannie Mae have asked the Court to reconsider.

## II.   LEGAL STANDARDS

Motions to reconsider made too late to be considered as motions to alter or amend a judgment, i.e., more than 28 days after the challenged order is entered, Fed. R. Civ. P. 59(e), are treated as motions for relief from judgment under Rule 60(b), *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Because FHFA and Fannie Mae

filed the present motion to reconsider 29 days after the Court entered its order denying summary judgment, Rule 60(b) applies.[1]

### III. ANALYSIS

The Court previously noted that it agreed with FHFA and Fannie Mae that 12 U.S.C. § 4617(j)(3) prevented the sale of any property in which the FHFA, as conservator for Fannie Mae, has an interest without consent. However, movants' own evidence created a genuine issue of material fact as to whether FHFA or Fannie Mae owned the note and deed of trust at the time of sale. FHFA and Fannie Mae adduced evidence that Fannie Mae owned the "mortgage loan" since about April 1, 2003, and that Chase is the current servicer. But that would not be enough to entitle them to a directed verdict because in Nevada, a payee, endorsee, or assignee of a promissory note who is not also the beneficiary of an attendant deed of trust cannot foreclose but may only sue on the note, and such a person therefore loses no legal rights via extinguishment of the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012). Although FHFA's Counterclaim alleges that Fannie Mae is the beneficiary of the deed of trust, (*see* FHFA Countercl. ¶¶ 8-9, ECF No. 40), movants adduced no evidence of that, and both Fannie Mae's and Chase's Counterclaims affirmatively allege that Chase is the beneficiary of the deed of trust, (*see* Fannie Mae Countercl. ¶ 3, ECF No. 36; Chase Countercl. ¶ 3, ECF No. 32). Also, movants themselves asked the Court to take judicial notice of, *inter alia*, a May 1, 2013 assignment of the "Deed of Trust with all interest secured thereby" from the FDIC to Chase, indicating that Chase is not only the servicer of the loan but the beneficiary of both the note and the deed of trust. (*See* Assignment, ECF No. 51-1, at 23; Deed of Trust 1, ECF No. 51-1, at 2).

---

[1] The twenty-eighth day was a Tuesday and not a holiday. *See* Fed. R. Civ. P. 6(a).

1     In their motion to reconsider, FHFA and Fannie Mae argue that the Court misinterpreted
2  Nevada law in its previous order when it denied summary judgment to them based on a genuine
3  issue of material fact as to whether FHFA or Fannie Mae owned the deed of trust at the time of
4  the foreclosure sale.  Movants argue that under Nevada law, Fannie Mae obtained the deed of
5  trust as a matter of law when it acquired the loan.  The Court has never denied this point of law.
6  Indeed, this Court had ruled based on California and Arizona law and the Restatement (Third) of
7  Property that mortgages and deeds of trust follow the promissory notes they secure since long
8  before the Nevada Supreme Court confirmed the point in the 2015 case movants cite. *See, e.g.*,
9  *Berhe v. Fannie Mae*, No. 2:13-cv-552, 2013 WL 5234301, at *1 (D. Nev. Sept. 16, 2013)
10 (Jones, J.); *Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-1489, 2009 WL 3617650, at *3 (D.
11 Nev. Oct. 26, 2009) (Jones, J.).  Movants point out, as the Court previously acknowledged, that
12 they adduced evidence that Fannie Mae obtained the loan in 2003.  But the Nevada Supreme
13 Court has ruled that deeds of trust may be split from the beneficial interests in the promissory
14 notes they secure, *Edelstein*, 286 P.3d at 257–60, and Fannie Mae adduced no evidence as to
15 how it obtained the loan, only a declaration to the effect that it obtained the loan in 2003 and an
16 internal Fannie Mae printout in support.  Nor has it adduced such evidence with its present
17 motion.  Fannie Mae's evidence was consistent with either a loan that was or was not split from
18 the deed of trust and tended only to show that Fannie Mae owned the beneficial interest in the
19 loan, not that it also owned the beneficial interest in the deed of trust.
20     Furthermore, the evidence showed a May 2013 assignment of the note and deed of trust
21 from the FDIC to Chase on May 1, 2013 soon after the March 2013 foreclosure sale.  Without
22 evidence that the FDIC obtained its interest in the loan after the foreclosure sale in March 2013,
23 it is a fair inference that it held this interest prior to March 2013 and that Fannie Mae therefore
24

had already transferred its interest to the FDIC before the foreclosure sale. Fannie Mae adduced no evidence tending to show that the FDIC obtained its interest only after the foreclosure sale.

Fannie Mae argues that the May 1, 2013 assignment from the FDIC (as receiver for Washington Mutual Bank) to Chase "had no bearing on, and did not disturb, Fannie Mae's ownership of the note and Deed of Trust" but only reflected the transfer of servicing rights. But that is not what the evidence tends to show. The assignment very clearly purports to transfer not servicing rights but "the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon." (*See* Assignment, ECF No. 51-1, at 23). It is of course possible that Fannie Mae is right that the FDIC had no interest in the loan, that the May 1, 2013 assignment was intended to be an assignment of servicing rights only, and that whatever official executed and recorded the May 1, 2013 assignment purporting to transfer the note and deed of trust from the FDIC to Chase didn't have the slightest idea of the legal implications of the instrument he was creating but recklessly used a form assignment for a purpose for which it was not intended. But that mere possibility does not eliminate the genuine issue of material fact created by the facial purpose and effect of the assignment. Nor does it eliminate the genuine issue of fact as to whether Fannie Mae in 2003 obtained the loan in such a way as to have also obtained an interest in the deed of trust, particularly in an era where contractual splits between notes and deeds of trust were commonplace. Fannie Mae may very well win at trial, but it was not and is not entitled to summary judgment based on the evidence it adduced.

Rule 60(b)(6)—the subsection under which the present motion is properly considered— does not exist to permit parties to present arguments or evidence they failed to present earlier. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule

is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). There are no extraordinary circumstances alleged to have prevented movants from asking the Court to reconsider under Rule 59(e) within 28 days to even have prevented movants from presenting the argumentation and evidence they now proffer along with their original motion for summary judgment. Even if a timely Rule 59(e) motion had been made, for the reasons given, *supra*, the Court would not have granted it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 54) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge