# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT,<br><br>   Plaintiff,<br><br>vs.<br><br>KIT DANSKER et al.,<br><br>   Defendants. | 2:13-cv-01420-RCJ-GWF<br><br>**ORDER** |

This case arises out of a homeowner's association foreclosure sale. Pending before the Court is a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

On or about March 15, 2013, Plaintiff LN Management, LLC Series 5664 Divot ("LN") purchased real property located at 5664 Divot Place, Las Vegas, Nevada 89130 ("the Property") at an HOA foreclosure sale. (Compl. ¶ 6, ECF No. 1-3). Plaintiff sued Defendants Kit Dansker and JPMorgan Chase Bank, N.A. ("Chase") in state court to quiet title to the property and for a declaration that Plaintiff owns the Property free and clear of any purported interests of Defendants.

Chase removed and moved to dismiss. LN moved to remand and notified the Court that Dansker, the previous homeowner, had passed away approximately four years earlier in October

2009. The Court denied both the motion to remand and a motion to substitute Dansker's estate ("the Estate") as a party, based on fraudulent joinder. The Court granted the motion to dismiss based on its interpretation of the state statute governing lien priority, Nevada Revised Statutes section 116.3116. LN appealed. After the Nevada Supreme Court resolved the statutory question differently than this Court had, the parties stipulated to dismiss the appeal and conduct further proceedings in this Court. Chase answered and filed a Counterclaim for unjust enrichment.

The parties stipulated to permit the Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Authority ("FHFA"), as conservator for Fannie Mae, to intervene. Fannie Mae answered and filed a Counterclaim for quiet title and a declaration that 12 U.S.C. § 4617(j)(3) preempts state law such that the HOA foreclosure sale under state law cannot have extinguished the first mortgage held by Fannie Mae at the time of the sale. Fannie Mae joined Los Prados Community Association ("Los Prados") as a Counterdefendant. FHFA separately answered and filed an essentially identical Counterclaim. FHFA and Fannie Mae voluntarily dismissed their Counterclaims against Los Prados without prejudice. FHFA and Fannie Mae jointly moved for defensive summary judgment against the Complaint and for offensive summary judgment on their Counterclaims. The Court denied the motion (and a motion to reconsider), agreeing with movants on the law but finding that in this case there remained a genuine issue of material fact as to whether FHFA or Fannie Mae owned the note and deed of trust at the time of sale.

## II. DISCUSSION

Chase has asked the Court to grant it offensive summary judgment on its counterclaims and defensive summary judgment against LN's claims based on the Court of Appeals' decision

invalidating the Chapter 116 opt-in notice scheme as facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. *See Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). LN notes that the Nevada Supreme Court recently ruled contrary to *Bourne Valley*. But state court rulings on federal issues are only potentially persuasive authority. The Court of Appeals' rulings are binding on this Court.

LN also argues, however, that a recent ruling of the Court of Appeals undermines this Court's previous ruling that Dansker's joinder was fraudulent, and that the Court should therefore reconsider remand. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113–14 (9th Cir. 2016) (holding that the possibility of a foreclosed homeowner later filing an equitable action against the purchaser to unwind the sale made it reasonable for the purchaser to join the homeowner in a quiet title action). The Court of Appeals appears to hold that the possibility of the homeowner validly challenging the foreclosure is enough to overcome any issues of bad faith and avoid a finding of fraudulent joinder in these circumstances. In this case, as in others like it, it appears the homeowner would have a non-frivolous claim.

The Court will not enter any judgment until it is satisfied of its jurisdiction, but the Court will not remand until Defendants have had a fair opportunity to discover the citizenships of the parties and failed to show diversity. It is possible that there is complete diversity between LN and Dansker's successor(s)-in-interest. The parties shall engage in jurisdictional discovery as to the identities and citizenships of: (1) Dansker's successor(s) in interest; and (2) LN's members and citizenships (and the members and citizenships of any business entities who are members of LN, etc.).

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 58) is DENIED without prejudice.

IT IS FURTHER ORDERED that JPMorgan Chase Bank, N.A. shall have twenty-eight (28) days to conduct jurisdictional discovery and make a further statement of removal alleging the citizenships of the other parties, i.e., the identities and citizenships of Dansker's successor(s)-in-interest and all members of LN Management, LLC, etc.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge