# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT, LLC SERIES 5664 DIVOT, | |
| Plaintiff, | 2:13-cv-01420-RCJ-GWF |
| vs. | **ORDER** |
| KIT DANSKER et al., | |
| Defendants. | |

This is a removed quiet title action between the buyer of real property at a homeowners' association foreclosure sale (LN Management, LLC Series 5664 Divot or "LN") and the holder of the first deed of trust (JPMorgan Chase Bank, N.A. or "JPMorgan"). JPMorgan and Intervenors Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae") moved for summary judgment under *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). LN countered that the Court should remand for lack of diversity under *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016). Because diversity depended on the citizenships of any successor(s)-in-interest of the deceased homeowner (Kit Dansker) and LN's member(s), none of whom had been identified, the Court gave the parties several months to engage in jurisdictional discovery. The parties later noted at a status conference that diversity would only be lacking if any of Dansker's successors

were Nevada citizens. But the parties had not identified any successors. The dispositive fact was therefore that no non-diverse person had been joined. The Court indicated it was satisfied of its jurisdiction under these circumstances and would not delay the case any longer, noting that any party later discovering a lack of diversity could of course bring the issue to the attention of the Court.

Accordingly, JPMorgan has renewed its motion for summary judgment under *Bourne Valley*. In opposition, LN again relies upon an alleged lack of diversity. The argument differs this time, however. LN now argues that the Court should consider Dansker's estate to be a defendant (and to substitute the estate for Dansker, if necessary), and that under § 1332 the citizenship of the estate is the same as Dansker's citizenship at the time of her death, i.e., Nevada, which would destroy diversity.

The Court rejects this argument. The cited subsection of the statute applies not to estates in the abstract, but to legal representatives of a decedent's estate. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." (emphasis added)). As the Court has noted, LN has always been free to join such a person if one exists. But LN has neither identified any legal representative of Dansker's estate nor, to the Court's knowledge, made any effort to have one appointed. LN has had several years since learning (no later than 2013) of Dansker's death (in 2009) to petition a Nevada probate court to appoint a personal representative under Chapter 138 (if there be a will), or an administrator or special administrator under Chapters 139 or 140 (if Dansker died intestate). Absent a successor with his or her own interest in the property—none has been identified—only a legal representative of Dansker's estate may sue or be sued. *See* 34 C.J.S. *Executors and Administrators* § 847 (2017) (collecting cases). Dansker's estate, like

Dansker's memory, is an abstract concept that cannot be sued except through a legal representative who can appear to defend the interests of the heirs (whether yet determined or not) in any remaining estate property. *See id.*[1] And although the Court has jurisdiction to enter judgment on a civil common law claim against such a representative, the Court has no jurisdiction to appoint a representative in the first instance, which would be an act of administration of the estate. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

Although Dansker's estate's legal representative would be a Nevada citizen for the purposes of diversity if one existed and were joined, *see* 28 U.S.C. § 1332(c)(2), the Court cannot find a lack of diversity between the existing parties based on the mere possibility that a non-diverse person might be discovered or appointed and subsequently joined. In *Weeping Hollow*, a living homeowner was a party to the case, *see* 831 F.3d at 1111, even if she had not appeared because, as most parties in her position, she had no remaining practical interest in the matter, (*see generally* Docket in *Weeping Hollow Ave. Tr. v. Spencer*, No. 2:13-cv-544). In that case, there was indisputably no "civil action . . . between" completely diverse parties. *See* 28 U.S.C. § 1332(a). The question was whether the homeowner's citizenship should be disregarded under the doctrine of fraudulent joiner. *See id.* Here, although *Weeping Hollow* would preclude a fraudulent joiner argument were a representative of Dansker's estate to be joined, the action as it currently stands is indisputably between completely diverse parties. The Court of Appeals ruled in *Weeping Hollow* that the possibility of a former homeowner bringing a future quiet title action was enough to defeat an argument that her joinder was fraudulent. *See* 831 F.3d at 1114.

---

1 The Court denies the separate motion to substitute "the Estate of Kit Dansker" for Kit Dansker. First, Kit Dansker is not even a proper party who can be substituted for. She died before the action was filed, and no legal representative has ever appeared. Second, her estate is not a juridical entity that can sue or be sued except through a representative, and LN identifies none.

The Court of Appeals did not rule that the possibility of a presumably non-diverse person bringing such an action destroys diversity between otherwise completely diverse parties where the presumably non-diverse person has not in fact been joined.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 89) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Substitute (ECF No. 102) is DENIED.

IT IS FURTHER ORDERED that Movants JPMorgan and Fannie Mae shall submit a proposed judgment within fourteen (14) days.

IT IS SO ORDERED.

Dated January 16, 2018.

_____
ROBERT C. JONES
United States District Judge